**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **In Re: Kathleen Diane Young** | **Chapter 13** |
| **xxx-xx-5165** | **Case No. 17-22716** |
| **Debtor.** | |

---

**OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN**

---

Comes Now Respondent, SN Servicing Corporation, by and through its attorney, and for its Objection to the Debtor's proposed Chapter-13 Plan, would show the Court as follows:

1.      That Kathleen Diane Young filed a petition under Chapter 13 of the Bankruptcy Code on March 24, 2017.

2.      That at the time Ms. Young filed her petition, SN Servicing held a valid security interest in the subject real property, commonly known as 2670 Kate Bond Road, Memphis, TN 38133.

3.      That SN Servicing holds a first deed of trust on the subject real property, securing a Deed of Trust Note.

4.      That the subject real property is Ms. Young's principal residence.

5.      That Ms. Young's Chapter-13 Plan proposes to modify SN Servicing's secured claim in proposing to pay $98,000.00 at 5.25-percent interest, with monthly payments being $1,935.00, for the proposed 60 months of the plan. The plan does not provide for payment in full of the secured claim owed to SN Servicing.

6.      That Ms. Young lists her projected current monthly income as $3,500.00, despite her income from business in 2016, being only $9,000.00 and $12,000.00 for 2015.

7.      That Ms. Young's attempt to modify the payments under SN Servicing's secured claim violates 11 U.S.C. § 1322(c)(2) in that, the interest rate acceptable in this instance should be the contract rate of 8-percent given the risk inherent to this loan because the payments are contractually due for April 2010 through April 2017.

8.      That Ms. Young's proposed plan should not be confirmed because there is no provision for her to make the property-tax payments or to maintain homeowner's insurance naming SN Servicing on the subject real property.

9.      That Ms. Young's proposed plan should not be confirmed absent the requirement that any missed payment be subject to a default provision allowing for relief from the automatic stay.

10.     That the proposed plan should not be confirmed because the Trustee has filed a Motion to Dismiss Due to Failure to Provide Required Documents to be heard May 16, 2017. Though Ms. Young projects available monthly income after expenses of $2,416.00, she has failed to remit the required payments.

WHEREFORE, SN Servicing prays for this Court to deny confirmation of the proposed plan, or in the alternative, require Ms. Young to provide adequate interest, a default provision for missed payments, the payment of property taxes and homeowner's insurance naming SN Servicing as loss payee, and to pay the secured claim in full.

*/s/Edward D. Russell*                                      Dated: April 27, 2017
Edward D. Russell, BPR #26126
The SR Law Group
PO Box 128
Mt. Juliet, TN 37121
(615) 559-3190
erussell@thesrlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April 2017, a true and correct copy of the Objection to the Confirmation of Chapter-13 Plan was served by regular mail upon Kathleen Diane Young, 2670 Kate Bond Road, Memphis, TN 38133. I also caused a copy of the Objection to be filed in this proceeding by electronic means and to be served as follows: counsel for the Debtor, Brian Lynn, Lynn & Associates, P.O. Box 111064, Memphis, TN 38111-1064; George W. Stevenson Chapter 13 Trustee, 5350 Poplar Avenue, Suite 500 Memphis, TN 38119-3697, and electronically to those identified on the CM/ECF system for this case.

By: */s/Edward D. Russell*
    Edward D. Russell